UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>            Plaintiff,<br><br>     v.<br><br>HARKIRAT SINGH SAMRA dba BILL'S SPORT & BAIT SHOP, et al.,<br><br>            Defendants. | Case No.  1:22-cv-00552-ADA-BAM<br><br>ORDER VACATING DECEMBER 9, 2022 HEARING<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On October 24, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed a motion for default judgment against Defendants Harkirat Singh Samra dba Bill's Sport & Bait Shop ("Defendant Samra") and Fahmi Abdo Alsumeri ("Defendant Alsumeri") (collectively, "Defendants").  (Doc. 19.)  No opposition was filed.  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for December 9, 2022, is HEREBY VACATED.

Having considered the moving papers and the record in this action, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED in part.

## I.  FACTUAL BACKGROUND

On May 6, 2022, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California Civil Code § 51, and California Health and Safety Code, alleging violations at Bill's Sports & Bait Shop, located at 2001 Crows Landing Rd, Modesto, California 95358 (the "Facility"). (Doc. 1, Compl. ¶¶ 1, 7.)  Plaintiff alleges that he is substantially limited in his ability to walk, must use a wheelchair, knee scooter, or prosthetic for mobility, and is physically disabled under state and federal law. (*Id.* ¶ 8.)  Plaintiff asserts that the Facility at issue presents barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. (*Id.* ¶ 10.)  Plaintiff's complaint seeks damages, attorneys' fees and costs, declaratory relief and injunctive relief. (*Id.* ¶ 2.)

On May 19, 2022, Plaintiff served Defendant Alsumeri by personal service of the summons, complaint, and relevant case documents. (Doc. 4 at 2.)  On July 12, 2022, Plaintiff served Defendant Samra by leaving copies of the complaint, summons, and relevant case documents with a person "apparently in charge of the office or usual place of business" at 2001 Crows Landing Rd, Modesto, CA 95358. (Doc. 7 at 2.)  On July 13, 2022, copies of the summons, complaint, and relevant case documents were subsequently mailed to Defendant Samra at 2001 Crows Landing Rd, Modesto, CA 95358 via First Class postage. (Doc. 7 at 3.)

Defendants did not respond to the complaint.  The Clerk of the Court entered default as to Defendant Alsumeri on June 22, 2022. (Doc. 6.)  The Clerk of the Court entered default as to Defendant Samra on September 20, 2022. (Doc. 17.)

Plaintiff filed the instant motion against Defendants on October 24, 2022, seeking default judgment in the total sum of $7,173.44 for statutory damages and attorneys' fees and costs, along with injunctive and declaratory relief. (Doc. 19-1.)  Plaintiff served Defendants with a copy of the motion by mail. (Doc. 19-7.)

///
///
///

## II.     LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

## III.    DISCUSSION

### A.  Service of Process

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *2 (E.D. Cal. Dec. 15, 2010).

<u>Individual Defendants Harkirat Singh Samra and Fahmi Abdo Alsumeri</u>

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. An individual may be served by:

(1) following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  In addition, the California Code of Civil Procedure provides that:

In lieu of personal delivery of a copy of the summons and complaint to the person to be served… a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. § 415.20(a).

      According to the proofs of service on file, Defendant Alsumeri was personally served with the summons, complaint, and relevant case documents on May 19, 2022.  (Doc. 4 at 2.) Defendant Samra was served by leaving copies of the complaint, summons, and relevant case documents with "JOHN DOE", a person "apparently in charge of the office or usual place of business" at 2001 Crows Landing Rd, Modesto, CA 95358 at 1:30 PM on July 12, 2022.  (Doc. 7 at 2.)  Plaintiff's counsel "confirmed that the Facility address is Mr. Samra's business address through research on the Lexis Nexis Advance public records database.  (Doc. 19-2 ¶ 16.) Defendant Samra was also listed as licensee and owner of the Facility located at 2001 Crows Landing Rd, Modesto, CA 95358 on a California Department of Alcoholic Beverage Control report.  (Doc. 19-2 ¶ 16; Doc. 19-3, Ex. F to Declaration of Tanya E. Moore ("Moore Decl.")) Copies of the summons, complaint, and relevant case documents were subsequently mailed to Defendant Samra at 2001 Crows Landing Rd, Modesto, CA 95358 via First Class postage on

July 13, 2022.  (Doc. 7 at 3.)  The Court therefore finds that Plaintiff properly served Defendants pursuant to Federal Rule of Civil Procedure 4(e).

### B. The *Eitel* Factors Weigh in Favor of Default Judgment

The Court finds consideration of the *Eitel* factors weigh in favor of granting default judgment in favor of Plaintiff.

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment were not entered. *See PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted.  This factor weighs in favor of default judgment.

#### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175.  Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

In the motion for default judgment, Plaintiff appears to have abandoned his California Health and Safety Code claim. (*See generally* Doc. 19-1.)  The Court therefore limits its discussion to Plaintiff's claims arising under the ADA and California Unruh Act.

##### a. ADA

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is

disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000) (emphasis in original).

A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he is substantially limited in his ability to walk and must use a wheelchair, knee scooter, or prosthetic for mobility and that he therefore is disabled as defined by applicable law. (Compl. ¶ 8.) Plaintiff also alleges that the Facility is a public accommodation and open to the public. (*Id.*. ¶ 9.) Plaintiff further alleges that Defendants own, operate and/or lease the Facility and the architectural barriers identified are easily removed without much difficulty or expense. (*Id.* ¶¶ 7, 21.)

Plaintiff further contends that he lives less than ten miles from the Facility and visited the Facility on December 18, 2021, to buy refreshments. (*Id.* ¶ 10). Plaintiff asserts that he could not locate a designated accessible parking stall in the Facility's parking lot, and needed to "walk using his prosthetic across uneven surfaces to reach the Facility entrance, which was difficult." (*Id.* ¶ 10(a).) Additionally, Plaintiff alleges that the Facility's merchandise aisles lacked sufficient clear width, which made it difficult for him to navigate the Facility without tripping. (*Id.* ¶ 10(b).) Plaintiff further asserts that the Facility's transaction counter was too high, which will make it difficult for Plaintiff to return to the Facility and pay in his wheelchair. (*Id.* ¶ 10(c).) Plaintiff asserts that he was denied full and equal enjoyment and use of the goods, services, facilities, privileges and accommodations of the Facility. (*Id.* ¶ 18.) These allegations are taken

as true due to Defendants' default, and Plaintiff has met his burden of stating a *prima facie* claim for discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

           b. Unruh Act

  Plaintiff also brings a state law claim for violation of the Unruh Act.  A violation of the ADA also violates the Unruh Act.  Cal. Civ. Code § 51(f).  The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorney's fees.  Cal. Civ. Code § 52(a).  A litigant need not prove any actual damages to recover statutory damages of $4,000.  *Molski*, 481 F.3d at 731.

  As Plaintiff's claims state a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

  For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

        3. The Sum of Money at Stake in the Action

  Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.,* 238 F. Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).

  Here, Plaintiff seeks a single statutory minimum penalty assessment of $4,000.00 pursuant to the Unruh Act, along with actual attorneys' fees and costs incurred in the amount of $3,173.44.  The amount of money at stake, totaling $7,173.44, is relatively small and it does not seem unreasonable in light of the allegations contained in the complaint.  Accordingly, this factor does not weigh against entry of default judgment.

        4. The Possibility of a Dispute Concerning Material Facts

  Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default

7

1  judgment, there is no likelihood that any genuine issue of material fact exists."). Further,
2  Defendants' failure to file an answer in this case or a response to the instant motion supports the
3  conclusion that the possibility of a dispute as to material facts is minimal. This factor therefore
4  weighs in favor of default judgment.

5                                  5. <u>Whether the Default Was Due to Excusable Neglect</u>

6  The sixth *Eitel* factor considers the possibility that Defendants' default resulted from
7  excusable neglect. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177. Courts have found that where a
8  defendant was "properly served with the complaint, the notice of entry of default, as well as the
9  paper in support of the [default judgment] motion," there is no evidence of excusable neglect.
10 *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

11 Upon review of the record, the Court finds that the default was not the result of excusable
12 neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. As discussed above, Defendants were
13 properly served with the complaint, summons, and the motion for default judgment, which
14 included notification of the Clerk's entry of default. (*See* Doc. 4, 7, 19-7.) Despite service,
15 Defendants have not appeared. Thus, the record suggests that Defendants have chosen not to
16 participate in this action, and not that the default resulted from any excusable neglect.
17 Accordingly, this factor weighs in favor of the entry of a default judgment.

18                                 6. <u>The Strong Policy Favoring Decisions on the Merits</u>

19 "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782
20 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing
21 alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.
22 *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F.
23 Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy
24 favoring decisions on the merits, that policy is unavailable here because Defendants have not
25 responded. Accordingly, the Court finds that this factor does not weigh against entry of default
26 judgment.
27 ///
28 ///

**C. Damages**

1. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint. In particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's access to the facility. (Doc. 19-1 at 10.) 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendants to: (1) provide a properly configured and identified designated accessible parking stall with adjacent access aisle; (2) provide and maintain proper clear width of the routes of travel through public areas of the interior of the Facility; and (3) provide a properly configured accessible transaction counter.

2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by California law. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.

3. Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs. Both the ADA and Unruh Act authorize the award of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Plaintiff's counsel seeks an award of $2,356.00 in attorney fees, plus $817.44 in litigation costs. (Doc. 19-1 at 8.) Specifically, Plaintiff requests: (1) $1,620.00 for 5.4 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300; (2) $448.50 for 3.9 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $287.50 for 2.5 hours of work expended by paralegal Isaac Medrano at an hourly rate of $115.00. (Doc. 19-1 at 8; Doc. 19-3, Ex. A to Moore Decl.)

Hourly Rates

As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano. (*Id*.) Courts in this district have found these rates reasonable for the services of attorney Moore and for the services of her paralegals. *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017); *accord e.g., Trujillo v. GH Food Mart, Inc*., No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017). The Court therefore finds the requested hourly rates to be reasonable for Ms. Moore and her paralegals.

Attorney Time Expended by Ms. Moore

Plaintiff seeks recovery for 5.4 hours of work performed by Ms. Moore at $300.00 per hour. (Doc. 19-1 at 8.) When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 5.4 hours billed by Ms. Moore is reasonable. The Court will recommend awarding Ms. Moore $1,620.00 for 5.4 hours of work to litigate this case.

Paralegal Time Expended by Ms. Law and Mr. Medrano

Plaintiff seeks compensation for 3.9 hours expended by paralegal Whitney Law at $115.00 per hour, and 2.5 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc. 19-1 at 8.) For the reasons below, the Court must reduce the number of hours expended by Mr. Medrano on the Motion for Default Judgment. On October 14, 2022, Mr. Medrano billed 1.4 hours preparing the motion for default judgment and the supporting documents. (Doc. 19-3, Ex.

A to Moore Decl. at 3.) In addition, on October 24, 2022, Ms. Law billed 1.0 hours to draft the Memorandum of Points and Authorities and supporting declaration for the motion for default judgment. (*Id.*) However, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. Accordingly, the Court finds that one half hour of Mr. Medrano's time and one half hour of Ms. Law's time is sufficient to prepare the motion. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453, at *7. The Court will therefore deduct 0.7 hours from Mr. Medrano's time and 0.7 hours from Ms. Law's time.

Based on the above, the Court will recommend Plaintiff be awarded 5 hours of paralegal time comprised of 3.2 hours for Ms. Law ($115.00 hourly rate) and 1.8 hours for Mr. Medrano ($115.00 hourly rate) for a total of $575.00.

### 4. Litigation Expenses and Costs

Plaintiff requests to recover litigation expenses and costs of $817.44. (Doc. 19-1 at 8.) Under the ADA, a district court, in its discretion, can allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The costs here include the court filing fee, costs of service, and fees for a pre-filing investigation, which are compensable. *See Trujillo v. La Valley Foods, Inc*., 2017 WL 2992453, at *7 (finding costs for court filing fee, costs of service, and fee for a pre-filing site inspection of the facility compensable); (Doc. 19-1 at 8; Doc. 19-2, Moore Decl. ¶¶ 12-14; Doc. 19-3, Ex. B to Moore Decl., Ex. C to Moore Decl.; Ex. D to Moore Decl.) Accordingly, the Court recommends that plaintiff be awarded the sum of $817.44 for litigation expenses and costs.

**IV.     CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED.
2. Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act and the California Unruh Civil Rights Act;
3. Defendants be ordered to make the following modifications to the facility known as Bill's Sports & Bait Shop, located at 2001 Crows Landing Rd, Modesto,

11

California 95358, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

    a) Provide a properly configured and identified designated accessible parking stall with adjacent access aisle;

    b) Provide and maintain proper clear width of the routes of travel through public areas of the interior of the Facility; and

    c) Provide a properly configured accessible transaction counter.

4. Judgment be entered in Plaintiff's favor and against Defendants in the amount of $7,012.44, consisting of:

    a) Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000.00;

    b) Plaintiff be awarded attorney's fees and costs in the amount of $1,620.00 (5.4 hours at $300 per hour), paralegal fees in the amount of $575.00 (5 hours at $115.00 per hour), and costs of suit in the amount of $817.44;

5. Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the Defendants at that Defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the

///
///
///
///
///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 2, 2022**          /s/ Barbara A. McAuliffe
                                                      UNITED STATES MAGISTRATE JUDGE