1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARREN GILBERT,                          Case No.  1:22-cv-00552-ADA-BAM

12            Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS
                                             REGARDING PLAINTIFF'S MOTION FOR
                                             DEFAULT JUDGMENT
14   HARKIRAT SINGH SAMRA dba BILL'S
     SPORT & BAIT SHOP, et al.,               (Doc. 21)
15
             Defendants.                     **FOURTEEN (14) DAY DEADLINE**
16

17

18        On October 24, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed a motion for default

19   judgment against Defendants Harkirat Singh Samra dba Bill's Sport & Bait Shop and Fahmi

20   Abdo Alsumeri (collectively, "Defendants").  (Doc. 19.)  No opposition was filed.  The motion

21   was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The

22   Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g),

23   and the hearing set for December 9, 2022, was previously vacated.  (Doc. 21.)

24        Having considered the moving papers and the record in this action, the Court

25   RECOMMENDS that Plaintiff's motion for default judgment be GRANTED in part as herein

26   detailed.

27        ///

28

1

1    **I.      FACTUAL BACKGROUND**

2        On May 6, 2022, Plaintiff filed this action pursuant to the Americans with Disabilities Act

3    of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California

4    Civil Code § 51, and California Health and Safety Code, alleging violations at Bill's Sports &

5    Bait Shop, located at 2001 Crows Landing Rd, Modesto, California, 95358 (the "Facility"),

6    which is owned, operated, and/or leased by Defendants.  (Doc. 1 ¶ 7.)

7        Plaintiff alleges that he is substantially limited in his ability to walk, must use a

8    wheelchair, knee scooter, or prosthetic for mobility, and is physically disabled under state and

9    federal law.  (*Id*. ¶ 8.)  Plaintiff asserts that the Facility at issue presents barriers that interfered

10   with, if not outright denied, his ability to use and enjoy the goods, services, privileges, and

11   accommodations offered at the Facility.  (*Id*. ¶ 10.)  Plaintiff's complaint seeks damages,

12   attorneys' fees and costs, declaratory relief, and injunctive relief.  (*Id*. ¶ 2.)

13       On May 19, 2022, Plaintiff served Defendant Alsumeri by personal service of the

14   summons, complaint, and relevant case documents.  (Doc. 4 at 2.)  On July 12, 2022, Plaintiff

15   served Defendant Samra by leaving copies of the complaint, summons, and relevant case

16   documents with a person "apparently in charge of the office or usual place of business" at 2001

17   Crows Landing Rd, Modesto, California, 95358.  (Doc. 7 at 2.)  On July 13, 2022, copies of the

18   summons, complaint, and relevant case documents were subsequently mailed to Defendant

19   Samra at 2001 Crows Landing Rd, Modesto, CA 95358 via First Class postage.  (Doc. 7 at 3.)

20       Defendants did not respond to the complaint. The Clerk of the Court entered default as to

21   Defendant Alsumeri on June 22, 2022.  (Doc. 6.)  The Clerk of the Court entered default as to

22   Defendant Samra on September 20, 2022.  (Doc. 17.)

23       Plaintiff filed the instant motion against Defendants on October 24, 2022, seeking default

24   judgment in the total sum of $7,173.44 for statutory damages and attorneys' fees and costs,

25   along with injunctive and declaratory relief.  (Doc. 19-1.)  Plaintiff served Defendants with a

26   copy of the motion by mail.  (Doc. 19-7.)

27       On December 2, 2022, the Court issued its initial Findings and Recommendations on

28   Plaintiff's motion for default judgment.  (Doc. 21.)  On January 19, 2023, the Court issued an

1   order vacating those findings and recommendations and an order to show cause regarding

2   supplemental jurisdiction.  (Doc. 23.)  Plaintiff responded to the Order to Show Cause.  (Doc.

3   24.)

4         On March 15, 2023, the Court issued its Findings and Recommendations recommending

5   declining supplemental jurisdiction and dismissing Plaintiff's Unruh Act claim, California

6   Health and Safety Code claim, and any other state law construction-related accessibility claim

7   without prejudice pursuant to the Ninth Circuit's recent guidance in *Vo v. Choi*, 49 F.4th 1167

8   (9th Cir. 2022).  (Doc. 25.)  On June 6, 2023, the Court entered an Order Adopting the Findings

9   and Recommendations Declining Supplemental Jurisdiction of State Law Claims.  (Doc. 26.)  In

10  that Order, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act

11  claim and Plaintiff's Cal. Health & Safety Code § 19955 and § 19959 claims and dismissed

12  those claims without prejudice.  (Doc. 26 at 2.)

13        **II.     LEGAL STANDARD FOR DEFAULT JUDGMENT**

14        Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for

15  a default judgment against a defendant that has failed to plead or otherwise defend against the

16  action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint

17  relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,*

18  *Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-

19  18 (9th Cir. 1987).

20        Factors which may be considered by courts in exercising discretion as to the entry of a

21  default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

22  plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in

23  the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

24  due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

25  Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

26  1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

27     ///

28     ///

1

**III.    DISCUSSION**

2

**A.  Service of Process**

3

In deciding whether to grant or deny a default judgment, a court should assess the

4

adequacy of the service of process on the party against whom default is requested.  *See, e.g.,*

5

*Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388 at \*4 (E.D. Cal.

6

Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before

7

evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes &*

8

*Accessories*, No. 10-5151 SC, 2011 WL 1483436 at \*2 (N.D. Cal. Apr. 19, 2011); *Katzakian v.*

9

*Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912 at \*2 (E.D.

10

Cal. Dec. 15, 2010).

11

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual

12

within a judicial district of the United States.  An individual may be served by:

13
14

(1) following state law for serving a summons in an action brought in courts of
general jurisdiction in the state where the district court is located or where service
is made; or

15

(2) doing any of the following:

16
17

(A) delivering a copy of the summons and of the complaint to the
individual personally;

18

(B) leaving a copy of each at the individual's dwelling or usual place of
abode with someone of suitable age and discretion who resides there; or

19
20

(C) delivering a copy of each to an agent authorized by appointment or by
law to receive service of process.

21

Fed. R. Civ. P. 4(e).  California Code of Civil Procedure further provides that:

22
23
24
25
26

In lieu of personal delivery of a copy of the summons and complaint to the
person to be served as specified in Section 416.10, 416.20, 416.30, 416.40,
or 416.50, a summons may be served by leaving a copy of the summons
and complaint during usual office hours in his or her office or, if no
physical address is known, at his or her usual mailing address, other than a
United States Postal Service post office box, with the person who is
apparently in charge thereof, and by thereafter mailing a copy of the
summons and complaint by first-class mail, postage prepaid to the person
to be served at the place where a copy of the summons and complaint were
left.

27

Cal. Civ. Proc. Code § 415.20(a).

28

*///*

4

1    According to the proofs of service on file, on July 12, 2022, Plaintiff served

2  Defendant Samra by leaving copies of the complaint, summons, and relevant case

3  documents with John Doe, who appeared to be aged 45 to 55 and was "apparently in

4  charge of the office or usual place of business" at 2001 Crows Landing Rd, Modesto, CA

5  95358.  (Doc. 7 at 2.)  On July 13, 2022, copies of the summons, complaint, and relevant

6  case documents were subsequently mailed to Defendant Samra at 2001 Crows Landing

7  Rd, Modesto, CA 95358 via First Class postage.  (Doc. 7 at 3.)  Defendant Alsumeri was

8  personally served with the summons, complaint, and relevant case documents on May 19,

9  2022.  (Doc. 4 at 2.)  The Court therefore finds that Plaintiff properly served Defendants

10  Defendants Harkirat Singh Samra and Fahmi Abdo Alsumeri pursuant to Federal Rule of

11  Civil Procedure 4(e)(1) and 4(e)(2).

12                **C. The *Eitel* Factors Weigh in Favor of Default Judgment**

13    The Court finds consideration of the *Eitel* factors weigh in favor of granting default

14  judgment in favor of Plaintiff as to Defendants Defendants Harkirat Singh Samra dba Bill's Sport

15  & Bait Shop and Fahmi Abdo Alsumeri.

16              1.  Possibility of Prejudice to Plaintiff

17    The first factor considers whether a plaintiff would suffer prejudice if default judgment

18  were not entered. *See PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Generally, where default has been

19  entered against a defendant, a plaintiff has no other means by which to recover against that

20  defendant.  *Id.; Moroccanoil, Inc. v. Allstate Beauty Prods*., 847 F. Supp. 2d 1197, 1200-01 (C.D.

21  Cal. 2012).  Here, the Court finds Plaintiff would be prejudiced if default judgment were not

22  granted.  This factor weighs in favor of default judgment.

23              2.  Merits of Plaintiff's Claims and Sufficiency of the Complaint

24    The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a

25  claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175.  Notably a

26  "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

27  *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

28

1    In the motion for default judgment, Plaintiff appears to have abandoned his California

2  Health and Safety Code claim. (*See generally* Doc. 19-1.) Moreover, Plaintiff's Unruh Act and

3  Cal. Health & Safety Code § 19955 and § 19959 claims were dismissed without prejudice

4  pursuant to 28 U.S.C. § 1367(c)(4). (Doc. 26.) The Court therefore limits its discussion to

5  Plaintiff's claims arising under the ADA.

6    "An ADA plaintiff suffers a legally cognizable injury under the ADA if he is

7  'discriminated against on the basis of disability in the full and equal enjoyment of the goods,

8  services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports*

9  *(U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here,

10  discrimination is defined as "a failure to remove architectural barriers . . . where such removal is

11  readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

12    "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is

13  disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

14  operates a place of public accommodation; and (3) the plaintiff was denied public

15  accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481

16  F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim

17  of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must

18  also prove that: (1) the existing facility at the defendant's place of business presents an

19  architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily

20  achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000)

21  (emphasis in original).

22    A private party is only entitled to injunctive relief under Title III of the ADA, however,

23  the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481

24  F.3d at 730.

25    Plaintiff alleges that he is substantially limited in his ability to walk and must use a

26  wheelchair, knee scooter, or prosthetic for mobility and that he therefore is disabled as defined by

27  applicable law. (Doc. 1 ¶ 8.) Plaintiff also alleges that the Facility is a public accommodation

28  and open to the public. (*Id.* ¶ 9.) Plaintiff further alleges that Defendants own, operate and/or

1   lease the Facility and the architectural barriers identified are easily removed without much

2   difficulty or expense.  (*Id.* ¶¶ 7, 21.)

3          Plaintiff further contends that he lives less than ten miles from the Facility and visited the

4   Facility on December 18, 2021, to buy refreshments.  (*Id.* ¶ 10).  Plaintiff asserts that he could not

5   locate a designated accessible parking stall in the Facility's parking lot and that he needed to park

6   at the gas pump and then walk using his prosthetic across uneven surfaces to reach the Facility's

7   entrance.  (*Id.* ¶ 10(a).)  Additionally, within the Facility, Plaintiff alleges that the merchandise

8   aisles lacked sufficient clear width, so it was difficult for Plaintiff to make his way around the

9   store without tripping.  (*Id.* ¶ 10(b).)  Plaintiff further asserts that the transaction counter was too

10  high, and if Plaintiff were to return to the Facility using his wheelchair, it would be difficult for

11  him to reach over the counter to pay.  (*Id.* ¶ 10(c).)  These allegations are taken as true due to

12  Defendants' default, and Plaintiff has met his burden of stating a *prima facie* claim for

13  discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of

14  the ADA.

15         For the reasons set forth above, the Court finds that the second and third *Eitel* factors

16  weigh in favor of default judgment.

17                      3.   The Sum of Money at Stake in the Action

18         Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at

19  stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.,* 238 F. Supp. 2d at

20  1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal.

21  2003).

22         Here, Plaintiff seeks actual attorneys' fees and costs incurred in the amount of $3,173.44.[1]

23  The amount of money at stake is relatively small and it does not seem unreasonable in light of the

24  allegations contained in the complaint.  Accordingly, this factor does not weigh against entry of

25  default judgment.

26

27  [1] In his Motion for Default Judgment, Plaintiff also sought a single statutory minimum penalty
    assessment of $4,000.00 pursuant to the Unruh Act.  (Doc. 21-1 at 6.)  However, Plaintiff's
28  Unruh Act claim was dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4).  (Doc. 30.)

1          4.   The Possibility of a Dispute Concerning Material Facts

2          Following the Clerk's entry of default (Docs. 6, 17), the Court may assume the truth of

3    well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material

4    fact exists.  *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)

5    ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters

6    default judgment, there is no likelihood that any genuine issue of material fact exists.").  Further,

7    Defendants' failure to file an answer in this case or a response to the instant motion supports the

8    conclusion that the possibility of a dispute as to material facts is minimal.  This factor therefore

9    weighs in favor of default judgment.

10          5.   Whether the Default Was Due to Excusable Neglect

11          The sixth *Eitel* factor considers the possibility that Defendants' default resulted from

12   excusable neglect.  *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Courts have found that where a

13   defendant was "properly served with the complaint, the notice of entry of default, as well as the

14   paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

15   *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

16          Upon review of the record, the Court finds that the default was not the result of excusable

17   neglect.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  As discussed above, Defendants were

18   properly served with the complaint and the motion for default judgment, which included

19   notification of the Clerk's entry of default.  (*See* Docs. 4, 7, 18, 19-7.)  Despite service,

20   Defendants have not appeared.  Thus, the record suggests that Defendants have chosen not to

21   participate in this action, and not that the default resulted from any excusable neglect.

22   Accordingly, this factor weighs in favor of the entry of a default judgment.

23          6.   The Strong Policy Favoring Decisions on the Merits

24          "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782

25   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

26   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

27   *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F.

28   Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy

1    favoring decisions on the merits, that policy is unavailable here because Defendants have not

2    responded.  Accordingly, the Court finds that this factor does not weigh against entry of default

3    judgment.

4                    **D.  Damages**

5                         1.  <u>Injunctive Relief</u>

6          Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint.  In

7    particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's

8    access to the facility.  42 U.S.C. § 12188 provides that "injunctive relief shall include an order to

9    alter facilities to make such facilities readily accessible to and usable by individuals with

10   disabilities to the extent required" the ADA.  42 U.S.C. § 12188(a)(2).  Pursuant to federal and

11   state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered

12   on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring

13   Defendants to: (1) provide a properly configured and identified designated accessible parking

14   stall with adjacent access aisle; (2) provide and maintain proper clear width of the routes of travel

15   through public areas of the interior of the Facility; and (3) provide a properly configured

16   accessible transaction counter.  (Doc. 19-6 at 2.)

17                        2.  <u>Statutory Damages</u>

18         Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by California

19   law.  (Doc. 19-1 at 6.)  The Unruh Act provides for minimum statutory damages of $4,000 for

20   each violation.  Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D.

21   Cal. 2005).  As Plaintiff's Unruh Act claim was dismissed without prejudice pursuant to 28

22   U.S.C. § 1367(c)(4), Plaintiff is not entitled to statutory damages of $4,000.000.  (Doc. 26.)

23                        3.  <u>Attorneys' Fees and Costs</u>

24         Plaintiff also seeks an award of attorneys' fees and costs.  The ADA authorizes the award

25   of attorney's fees and costs for an action.  *See* 42 U.S.C. § 12205.  Attorney fee awards are

26   calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on

27   the matter with a reasonable hourly rate.  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160

28   (9th Cir. 2018).  The district court has the discretion to make adjustments to the number of hours

                                                    9

1   claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award.

2   *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

3       Here, Plaintiff's counsel seeks an award of $3,173.44, including $2,356.00 in attorney

4   fees, plus $817.44 in litigation costs. (Doc. 19-1 at 8.)  Specifically, Plaintiff requests: (1)

5   $1,620.00 for 5.4 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300;

6   (2) $448.50 for 3.9 hours of work expended by paralegal Whitney Law at an hourly rate of

7   $115.00; and (3) $287.50 for 2.5 hours of work expended by paralegal Isaac Medrano at an

8   hourly rate of $115.00.  (*Id.*)

9       Hourly Rates

10      As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya

11  Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano.  (*Id.*)  Courts in this

12  district have found these rates reasonable for the services of attorney Moore and for the services

13  of her paralegals.  *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941,

14  at *3 (E.D. Cal. May 8, 2017); *accord e.g., Trujillo v. GH Food Mart, Inc*., No. 1:20-cv-00368-

15  AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*,

16  No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); *Trujillo v.*

17  *Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017).  The

18  Court therefore finds the requested hourly rates to be reasonable for Ms. Moore and her

19  paralegals.

20      Attorney Time Expended by Ms. Moore

21      Plaintiff seeks recovery for 5.4 hours of work performed by Ms. Moore at $300.00 per

22  hour.  (Doc. 19-1 at 8.)  When considering the billing entries and time records submitted by

23  Plaintiff's counsel, the Court finds that the 5.4 hours billed by Ms. Moore is reasonable.  The

24  Court will recommend awarding Ms. Moore $1,620.00 for 5 hours of work to litigate this case.

25      Paralegal Time Expended by Ms. Law and Mr. Medrano

26      Plaintiff seeks compensation for 3.9 hours expended by paralegal Whitney Law at

27  $115.00 per hour, and 2.5 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc.

28  19-1 at 8.)  For the reasons below, the Court must reduce the number of hours expended by Mr.

10

1  Medrano on the Motion for Default Judgment.  On October 14, 2022 and October 17, 2022, Mr.

2  Medrano billed 1.5 hours preparing the motion for default judgment and the supporting

3  documents.  (Doc. 19-3, Ex. A to Moore Decl. at 4.)  However, the motion for default judgment

4  filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other

5  actions before this Court.  Accordingly, the Court finds that one hour of Mr. Medrano's time is

6  sufficient to prepare the motion.  *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453 at *7.  The

7  Court will therefore deduct 0.5 hours from Mr. Medrano's time.

8       Based on the above, the Court will recommend Plaintiff be awarded 5.9 hours of paralegal

9  time comprised of 3.9 hours for Ms. Law ($115.00 hourly rate) and 2.0 hours for Mr. Medrano

10  ($115.00 hourly rate) for a total of $678.50.

11                 4.   Litigation Expenses and Costs

12       Plaintiff requests to recover litigation expenses and costs of $817.44.  (Doc. 19-1 at 8.)

13  Under the ADA, a district court, in its discretion, can allow the prevailing party other than the

14  United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42

15  U.S.C. § 12205.  The costs here include the court filing fee, costs of service, and fees for a pre-

16  filing investigation, which are compensable.  *See Trujillo v. La Valley Foods, Inc*., 2017 WL

17  2992453, at *7 (finding costs for court filing fee, costs of service, and fee for a pre-filing site

18  inspection of the facility compensable); (Doc. 19-2, Moore Decl. ¶¶ 12-14; Doc. 19-3, Ex. B to

19  Moore Decl. at 6-7, Ex. C to Moore Decl. at 9; Ex. D to Moore Decl. at 11)  Accordingly, the

20  Court recommends that plaintiff be awarded the sum of $817.44 for litigation expenses and costs.

21       **IV.**    **CONCLUSION AND RECOMMENDATION**

22       Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

23       1.      Plaintiff's motion for default judgment be GRANTED IN PART as to Defendants

24              Harkirat Singh Samra dba Bill's Sport & Bait Shop and Fahmi Abdo Alsumeri.

25       2.      Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there

26              is no just reason to delay entry of judgment.

27       3.      Defendants Harkirat Singh Samra dba Bill's Sport & Bait Shop and Fahmi Abdo

28              Alsumeri be found and declared to be in violation of Title III of the Americans

1    with Disabilities Act;

2    4.    Defendants Harkirat Singh Samra dba Bill's Sport & Bait Shop and Fahmi Abdo

3    Alsumeri be ordered to make the following modifications to the facility known as

4    Bill's Sports & Bait Shop, located at 2001 Crows Landing Rd, Modesto, California

5    95358, such that each item is brought into compliance with the accessibility

6    requirements of the Americans with Disabilities Act and California Code of

7    Regulations, Title 24, as follows:

8        a)    Provide a properly configured and identified designated accessible

9        parking stall with adjacent access aisle;

10        b)    Provide and maintain proper clear width of the routes of travel

11        through public areas of the interior of the Facility;

12        c)    Provide a properly configured accessible transaction counter.

13    7.    Judgment be entered in Plaintiff's favor and against Defendants Harkirat Singh

14    Samra dba Bill's Sport & Bait Shop and Fahmi Abdo Alsumeri in the amount of

15    $3,115.94, consisting of: attorney's fees in the amount of $1,620.00 (5.4 hours at

16    $300 per hour), paralegal fees in the amount of $678.50 (5.9 hours at $115.00 per

17    hour), and costs of suit in the amount of $817.44;

18    8.    Plaintiff is HEREBY ORDERED to mail a copy of these findings and

19    recommendations to each of the Defendants at that Defendant's last known

20    address.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

12

1        These Findings and Recommendations will be submitted to the United States District

2    Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after

3    being served with these findings and recommendations, the parties may file written objections

4    with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations."  The parties are advised that the failure to file objections within the

6    specified time may result in the waiver of the "right to challenge the magistrate's factual

7    findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

8    *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10    IT IS SO ORDERED.

11      Dated:   **June 28, 2023**                /s/ *Barbara A. McAuliffe*

12                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28